**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| CARLOS H., <br><br>    Plaintiff, <br><br>v. <br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security, <br><br>    Defendant. | 2:22-cv-01630-VCF <br><br>**ORDER** <br><br>MOTION FOR REVERSAL AND/OR REMAND [ECF NO. 18]; MOTION TO AFFIRM [ECF NO. 22] |

  This matter involves Plaintiff Carlos H.'s appeal from the Administrative Law Judge's ("ALJ") final decision denying his social security benefits. Before the Court are Carlos H.'s Motion for Reversal and/or Remand (ECF No. 18) and the Commissioner's Cross-Motion to Affirm and Response (ECF Nos. 22). For the reasons stated below, the Court grants Plaintiff's Motion to Remand and denies the Commissioner's Cross-Motion.

**STANDARD OF REVIEW**

  The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. Const. amend. V. Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). When the Commissioner of Social Security renders a final decision denying a claimant's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g); 28 U.S.C. § 636(b) (permitting the District Court to refer matters to a U.S. Magistrate Judge).

The District Court's review is limited. *See Treichler v. Comm'r of SSA,* 775 F.3d 1090, 1093 (9th Cir. 2014) ("It is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency.") The Court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 217 (1938) (defining "a mere scintilla" of evidence). If the evidence supports more than one interpretation, the Court must uphold the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). The Commissioner's decision will be upheld if it has any support in the record. *See, e.g., Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating the court may not reweigh evidence, try the case de novo, or overturn the Commissioner's decision if the evidence preponderates against it).

## DISCUSSION

The Administrative Law Judge ("ALJ") followed the five-step sequential evaluation process for determining whether an individual is disabled. 20 C.F.R. § 404.1520. The ALJ concluded that Plaintiff has not engaged in substantial gainful activity since December 4, 2019, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*). (AR[1] at 22). The ALJ found Plaintiff has the severe impairments of obesity, degenerative disc disease, and diabetes mellitus (20 CFR 416.920(c), which had "significantly limit the ability to perform basic work activities as required by SSR 85-28." (*Id.*). The ALJ found Plaintiff's impairments did not meet or medically equal the severity of a listed impairment in 20 CFR Part 404, Subpart P, Appendix 1. (*Id.*).

---

[1] The Administrative Record ("AR") is found at ECF No. 14.

1    The ALJ concluded Plaintiff had the residual functional capacity to perform a range of light work, as defined in 20 CFR 416.967(b): He can lift twenty pounds occasionally, ten pounds frequently. He can stand and walk for six hours and sit hours. He could never climb ladders, ropes or scaffolds and could never crawl. He could occasionally climb ramps and stairs and occasionally stoop, kneel, or crouch. He could have occasionally exposure to concentrated extreme temperatures, vibration, atmospheric conditions as defined in the Selected Characteristics of Occupations (SCO), meaning pulmonary irritants. He could have occasional exposure to hazards, such as dangerous moving machinery, like chainsaws and jackhammers, and unprotected heights. (AR 158).

The ALJ found that the claimant's medically determinable impairment could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not consistent with medical and other evidence. (AR 160).

The ALJ found Plaintiff is capable of performing past relevant work as a limousine driver. This work does not require the performance of work-related activities precluded by the plaintiff's residual functional capacity (20 CFR 416.965). (AR 161). Plaintiff has past relevant work as a limousine driver (DOT 359.673-010) with light exertion per DOT, heavy exertion as performed, and semi-skilled at SVP 3. This job was performed at a level amounting to substantial gainful activity, within 15 years of the date of adjudication, and long enough for the plaintiff to have learned it. The vocational expert testified that a hypothetical individual with the plaintiff's residual functional capacity would be able to perform his past work as a limousine driver. The ALJ determined that the testimony of the vocational expert is consistent with the information contained in the Dictionary of Occupational Titles. (AR 161).

The ALJ also found that Plaintiff meets the insured status requirements of the Social Security Act. (*Id.* at 22). Overall, the ALJ concluded that Plaintiff was not under a disability within the meaning of the Social Security Act from December 4, 2019, through the date of the decision on June 30, 2021. (AR 163).

Plaintiff challenges the ALJ's conclusions on the following grounds: 1) whether the ALJ's residual functional capacity assessment lacks the support of substantial evidence (ECF No. 18 at 5), (2) whether the ALJ failed to articulate clear and convincing reasons for discounting Carlos H.'s subjective complaints.

**I. Whether the ALJ's residual functional capacity assessment lacks the support of substantial evidence.**

The legal question here is whether the final decision has the support of substantial evidence and is free of material legal error. In applying the substantial evidence test a court reviews the record as a whole and not merely at the evidence tending to support a finding. *Walker v. Mathews*, 546 F.2d 814, 818 fn 6. (9th Cir. 1976) *citing Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975) *citing Universal Camera Corp. v. N.L.R.B.*, 340 U.S. 474, 487-88, 71 S. Ct. 456, 95 L. Ed. 456 (1951). Carlos contends that the ALJ's RFC determination lacks the support of substantial evidence.

Dr. Kiger, a state agency physician, reviewed the record on June 9, 2020. AR 227-228. Dr. Kiger found that Carlos could engage in a range of light work. On December 8, 2020, Dr. Pak reviewed the record on reconsideration and concurred with Dr. Kiger but opined that Carlos could never climb ladders, ropes or scaffolds, could frequently balance, and should avoid concentrated exposure to temperature extremes, vibration, pulmonary irritants and hazards. AR 237-239. The ALJ found these opinions persuasive. AR 161. Plaintiff states that these opinions cannot be substantial evidence because later submitted evidence showed a worsening of his impairments.

An MRI of Carlos' lumbar spine in December 2020 showed multilevel degenerative changes with spinal canal and neural foraminal stenosis and multilevel disk herniations. AR 687-688. A January 2021 physical examination revealed that Carlos weighed 345 pounds with a BMI of 46.8.3. AR 768. He had slow gait with pain with range of motion testing. *Id.* Carlos was taking a number of medications including Oxycodone. *Id.* In March 2021, Carlos presented with worsening lumbar spine pain and bilateral lower

extremity pain. AR 867-868. Examination showed that Carlos had limited range of motion due to pain. AR 868. Oxycodone was refilled. AR 868.  Carlos reported 30% relief from injections in January and March 2021. AR 868. On May 18, 2021, Carlos presented to pain management with continuing low back pain and bilateral lower extremity pain. AR 194-196. Carlos reported that bathing, dressing, working and housekeeping were adversely affected by pain. AR 194. Range of motion in the lumber spine was decreased due to pain. AR 195.  Oxycodone was refilled. AR 195. Carlos reported some improvement with medication. AR 195. On June 17, 2021, Carlos presented to pain management with similar complaints. AR 190-192.

This evidence was submitted to the Appeals Council. The Appeals Council considered this evidence but concluded that this evidence did not show a reasonable probability that is would change the outcome of the decision. AR 2.  Pain management records for the period July 19, 2021 through January 7, 2022 reveal similar findings as noted in the May 2021 and June 2021 records. AR 71-102. These records were submitted to the Appeals Council. Without elaboration, the Appeals Council considered this evidence but concluded that it did not relate to the period at issue. AR 2.

The state agency physicians' s opinions do not represent a complete picture of Carlos' medical condition. The state agency assessments are not consistent with and supported by the record. These physicians did not have the opportunity to review the December 2020 MRI of the lumbar spine that showed multilevel degenerative changes with spinal canal and neural foraminal stenosis and multilevel disk herniations. AR 687-688. The state agency opinions are stale and not reflective of Carlos' condition. *See Stone v. Heckler*, 761 F.2d 530, 532 (9th Cir. 1985) and *Leslie v. Astrue*, 318 Fed. Appx. 591, 592 (9th Cir. 2009)) ("[T]he Ninth Circuit looks with skepticism on an ALJ's reliance on stale medical opinions that do not reflect subsequent deterioration in a claimant's condition.").

When a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the decision of the ALJ, the new evidence is part of the administrative record, which the district court must consider in determining whether the Social Security Commissioner's decision is supported by substantial evidence. *See Brewes v. Commissioner of Soc. Sec.*, 682 F. 3d 1157, 1160 (9th Cir. 2012). Considering the record as a whole, including the evidence Carlos submitted to the Appeals Council, I conclude that the Commissioner's decision is not supported by substantial evidence. I remand to the agency for further administrative proceedings. I do not reach the other issue that plaintiff raised in his motion.

Accordingly,

I ORDER that plaintiff Carlos' motion for reversal and/or remand (ECF No. 18) is GRANTED and the Commissioner's cross-motion to affirm (ECF No. 22) is DENIED.

The Clerk of Court is directed to enter final judgment in favor of plaintiff.

DATED this 6th day of September 2023.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE